**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                       : Chapter 13
Long, Beatrice L.
    Debtor                               :         17-18689

## OBJECTION TO CERTIFICATION OF DEFAULT

    Debtor through her counsel, hereby objects to U.S. BANK NATIONAL ASSOCIATION's, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) (hereinafter "Mortgage Company") "Certificate of Default" with a proposed attached "Order" modifying Section 362 Automatic Stay that seeks the inapplicability of Federal Bankruptcy Rules.  Debtor by and through her counsel, in support thereof, avers as follows:

    1.    On June 15, 2022, the Bankruptcy Court's ECF Docket No. 58 report showed that Movant's counsel filed a "Certification of Default" dated June 15, 2022 that certified that *"Debtor has failed to cure the default."*

    2.    On May 12, 2022, after Debtor contacted her bankruptcy counsel, Debtor's counsel responded to counsel for Movant by way of written correspondence via email to it's "NOTICE OF DEFAULT OF STIPULATION".  Debtor requested and Movant subsequently agreed to a payment arrangement to cure the default.  According to Debtor, she made payment to Movant by way of certified funds, but part of the payment, a $3,000.00 certified check, was rejected by Movant because it failed to include her account number.  Debtor is in the process of canceling said check and issuing a replacement check.

    3.    As of the date of this Objection, the debtor has remedied or is prepared to remedy whatever problem served as grounds for relief in respect to the Stipulation, if any ever existed.

    4.    To the extent that Mortgage Company has an interest in the debtor's estate, such interest is adequately protected pursuant to the Bankruptcy Code.

    5.    As of the date of this Objection, the Debtor have substantial equity in her property and Movant has been afforded adequate protection of its interest.

    6.    Even if Movant is entitled to relief from the stay, the stay should not be terminated.  The Court should grant less drastic relief by conditioning or modifying the stay.

    For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtor prays that an order be entered denying consideration or the entry of the Mortgage Company's "Order" Modifying Section 362 Automatic Stay" and such other relief as is just and proper.  The Debtor

specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated:  June 20, 2022

 /"s"/Mitchell J. Prince, Esquire
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtor
PO Box 123
Narberth, PA 19072

**John L. Mc Clain and Associates**
**Attorneys at Law**
PO Box 123
Narberth, PA 19072-0123

1-800-McClain (622-5246)
1-888-857-1967 (fax)
<u>HTTP://ATTORNEYMCCLAIN.COM</u>

June 20, 2022

Kenneth E. West, Trustee
P.O. Box 40119
Philadelphia, PA 19106

Re: Beatrice L. Long,
 Bankruptcy number 17-18689
 Date of filing 12/30/2017

Dear Sir or Madam:

Enclosed is a copy of **OBJECTION TO CERTIFICATION OF DEFAULT** which has been served.

 Thank you for your assistance in this matter.

 Very truly yours,

 John L. Mc Clain, Esquire

w/ attachments
Objection

**John L. Mc Clain and Associates**
**Attorneys at Law**
PO Box 123
Narberth, PA 19072-0123

1-800-McClain (622-5246)
1-888-857-1967 (fax)
<u>HTTP://ATTORNEYMCCLAIN.COM</u>

June 20, 2022

Account number: LCA703433933100

Re: Beatrice L. Long,
     Bankruptcy number 17-18689
     Date of filing 12/30/2017

Dear Sir or Madam:

Enclosed is a copy of **OBJECTION TO CERTIFICATION OF DEFAULT** which has been filed with the Court.

    Thank you for your assistance in this matter.

        Very truly yours,

        John L. Mc Clain, Esquire

w/ attachments
Objection