# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Beatrice L. Long aka Beatrice Louise Long-Stewart, aka Beatrice Stewart<br>               Debtor(s) | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>               Movant<br>vs. | NO. 17-18689 MDC |
| Beatrice L. Long aka Beatrice Louise Long-Stewart, aka Beatrice Stewart<br>               Debtor(s)<br><br>Kenneth E. West Esq.<br>               Trustee | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,973.31,** which breaks down as follows;

Post-Petition Payments:        January 2022 through September 2022 at $691.19
Suspense Balance:               ($247.40)
**Total Post-Petition Arrears**     **$5,973.31**

2. The Debtor(s) shall cure said arrearages through obtaining funds Pennsylvania Homeowners Assistance Fund within sixty (60) days of Court approval of this Stipulation.

3. Additionally, beginning on October 1, 2022, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default

and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. In the event payments listed under Section 3 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 19, 2022                    By: /s/Denise Carlon, Esquire
                                                  Denise Carlon, Esq.
                                                  Attorney for Movant


Date: September 26, 2022                      /s/Mitchell J. Prince, Esquire
                                              John L. McClain Esq. /Mitchell J. Prince, Esq.
                                              Attorney for Debtor(s)

No Objection - Without Prejudice to Any
Trustee Rights or Remedies

Date: September 27, 2022          /s/ LeeAne O. Huggins

Kenneth E. West Esq.
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022.  However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman